IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES TAYLOR,

      Plaintiff,                    No. CIV S-08-3013 MCE DAD P

   vs.

R. BARNES, et al.,

      Defendants.           ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On May 14, 2009, the court filed findings and recommendations recommending that this action be dismissed due to plaintiff's failure to file an amended complaint. On June 15, 2009, the court granted plaintiff a 30-day extension of time to file his opposition to the findings and recommendations. Before the court is plaintiff's second request for an extension of time.

      In his request, plaintiff indicates that he never received the May 14, 2009, findings and recommendations and that there have been problems with mail at the California Correctional Center where he is currently incarcerated. Plaintiff also requests the appointment of counsel.

      The court will vacate the findings and recommendations and order plaintiff to file his amended complaint as set forth in the court's March 31, 2009 order. This is the second time

1

the court has vacated findings and recommendations recommending dismissal due to plaintiff's failure to file an amended complaint.  Plaintiff is cautioned that he must comply with the court's orders and deadlines.  Should the court issue findings and recommendations again due to plaintiff's failure to comply with the court's orders, those findings and recommendations will not be vacated and the action will be submitted to the District Judge for consideration of the recommendation that this action be dismissed.

        The court will also deny the request for the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.

        Accordingly, IT IS HEREBY ORDERED that:

        1. The findings and recommendations, filed on May 14, 2009, are vacated;

        2. Within thirty days from the service of this order, plaintiff shall file his amended complaint as set forth in the court's March 31, 2009 order;

        3. Plaintiff's June 25, 2009 motion for extension of time to file objections and motion for appointment of counsel (Doc. No. 16) is denied;

        4. The Clerk of the Court is directed to provide plaintiff with a copy of the court's March 31, 2009 order and the court's form complaint for a § 1983 action; and

/////
/////
/////
/////
/////

      5.  A failure to file an amended complaint in accordance with the court's March 31, 2009 order will result in a recommendation that this action be dismissed without prejudice.

DATED: July 17, 2009.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
tay3013.vac2